UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:23-CR-50-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | OPINION & ORDER |
| ARTHUR CLINTON POWERS, JR., | ) | |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

Defendant Arthur Clinton Powers, Jr., *pro se*, has filed a "Motion to Re-Enter Judgment *Nunc Pro Tunc* to Restore Appellate Rights," along with an accompanying appellate brief. *See* DE 49; DE 49-1. In his motion, Powers alleges that his appointed counsel provided ineffective assistance in failing to file a direct appeal despite his request for her to do so. *See* DE 49 at 2. Powers now asks the Court to grant his *nunc pro tunc* motion and permit him to file a belated appeal. *See id.* After addressing various procedural complexities, the Court agreed to render a decision on Powers's motion. *See* DE 57 at 4–6. The Government has filed a response to Powers's motion, *see* DE 63, and the matter is now ripe for review.

I.

On September 28, 2023, a grand jury issued an indictment charging Arthur Clinton Powers, Jr. with a single count of possession with intent to distribute 500 grams or more of a methamphetamine mixture. *See* DE 8; 21 U.S.C. § 841(a)(1). A few months later, Powers reached a plea agreement with the Government, admitting guilt to that offense. *See* DE 31 ¶ 1.

In his agreement, Powers waived the right to appeal the guilty plea and conviction, though he reserved the right to appeal the resulting sentence. *See id.* ¶ 7. Except for claims of ineffective

assistance of counsel, he also waived the right to collaterally attack the guilty plea, conviction, and sentence. *See id.* On August 7, 2024, the undersigned entered judgment and sentenced Powers to a 250-month term of imprisonment, followed by five years of supervised release. *See* DE 43.

On August 4, 2025, the Court received Powers's *nunc pro tunc* motion. *See* DE 47. A few weeks later, the Court received another motion evidently identical to Powers's first. *See* DE 49. In both motions, Powers alleged that his appointed counsel, Christy Love, failed to file a notice of appeal despite his explicit request for her to do so. *See* DE 47 at 2; DE 49 at 2. To assure a timely theory for possible relief, the undersigned recharacterized Powers's motion as a motion for post-conviction relief under 28 U.S.C. § 2255 and referred the matter to United States Magistrate Judge Hanly A. Ingram. *See* DE 48.

On the same day that Order issued, the Court received Powers's § 2255 petition, including the standard AO 243 form. *See* DE 50. Judge Ingram construed that filing "as an amended petition for post-conviction relief which supersede[d] (and thus completely replace[d])" the earlier filings at DE 47 and DE 49. *See* DE 51 at 4. Powers filed a timely objection to Judge Ingram's recommendation, emphasizing that he wished for the Court to decide on both his *nunc pro tunc* motion and his § 2255 petition. *See* DE 55 at 1–2.

Although the Court struck DE 47 as duplicative, it permitted Powers to proceed separately with both his *nunc pro tunc* motion and his § 2255 petition. *See* DE 57 at 4–7. In compliance with the Court's Order, the Government has filed a response to Powers's *nunc pro tunc* motion. *See* DE 63. As such, the motion is now ripe for review.

## II.

Federal courts may issue *nunc pro tunc* orders "to 'reflect[] the reality' of what has already occurred." *Roman Catholic Archdiocese of San Juan v. Feliciano*, 140 S. Ct. 696, 700–01 (2020)

(quoting *Missouri v. Jenkins*, 110 S. Ct. 1651, 1662 (1990)). These orders may be used to "fix clerical mistakes in old orders." *Patterson v. Chrysler Grp., LLC*, 845 F.3d 756, 761 (6th Cir. 2017). However, they may not be used to "retroactively modify substantive rights." *Id.* That is, courts cannot rely on *nunc pro tunc* orders to "make the record what it is not." *Feliciano*, 140 S. Ct. at 701 (quoting *Jenkins*, 110 S. Ct. at 1662).

A person in custody under sentence of a federal court can, however, "move the court which imposed the sentence to vacate, set aside, or correct the sentence" if that person "claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution" under 28 U.S.C. § 2255(a). Generally, a successful motion to vacate requires a new addition to the record – often in the form of a § 2255 hearing – showing that a prisoner's federal rights were violated during the judicial process. *See, e.g.*, *Rodriquez v. United States*, 89 S. Ct. 1715, 1718 (1969) (holding that failure of counsel to file a notice of appeal amounted to ineffective assistance of counsel, which could be challenged in a § 2255 hearing); *Campbell v. United States*, 686 F.3d 353, 359–60 (6th Cir. 2012) (determining that an evidentiary hearing was required to assess petitioner's motion to vacate under § 2255 after attorney's purported failure to file a notice of appeal despite petitioner's request to do so); *Ludwig v. United States*, 162 F.3d 456, 458–59 (6th Cir. 1998) (remanding for a hearing under § 2255 to address whether counsel failed to perfect a direct appeal in derogation of petitioner's request).[1]

### III.

If the facts that Powers alleges in his motion are accurate, he may be entitled to habeas relief. However, Powers has not put forward any evidence (or law) suggesting that he can prevail on a *nunc pro tunc* motion. Powers seeks a factual determination that his appointed counsel failed

---

[1] As noted in a prior order, *see* DE 57 at 6, although Powers cited each of these decisions in support of his *nunc pro tunc* motion, all three of them actually involve § 2255 petitions. *See* DE 47 at 2; DE 55 at 1–2.

to file a notice of appeal despite his request for her to do so. *See* DE 49 at 2; DE 50 at 10–11. But as the Court has previously stated, a factual determination of that variety does not involve a re-examination and subsequent correction of the record to capture what did occur. Rather, it requires a new addition to the record, generally in the form of a hearing and an explicit finding that counsel should have followed, but did not follow, the client's post-judgment demand. *See* DE 57 at 5. In short, Powers seeks no correction to the record for which a *nunc pro tunc* order could be issued.

And even if the Court were inclined to grant Powers's motion, his subsequent appeal would be untimely. A criminal defendant's notice of appeal must be filed within 14 days of "the entry of either the judgment or the order being appealed" or "the filing of the government's notice of appeal," whichever is later. FED. R. APP. P. 4(b)(1). Courts may not extend that deadline absent "a finding of excusable neglect or good cause," and even then, they may not extend it for longer than 30 days. *Id.* 4(b)(4). The Court received Powers's initial *nunc pro tunc* motion nearly a year after judgment was entered. As such, the Court is not empowered to restore Powers's appellate rights now. *See United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977) ("Even assuming that excusable neglect was satisfactorily shown, it has uniformly been held that a district court has jurisdiction to excuse delay only where a notice of appeal has actually been filed within the 30-day period following the expiration of the regular appeal time. . . . The district court has no power to extend the filing period beyond the time limit prescribed by the rule." (internal citations omitted)).

The Court reiterates that Powers's § 2255 petition at DE 50 appears timely. He can raise all of his claims – which are, in fact, habeas claims – in those proceedings. The Government has already been ordered to respond to that filing, *see* DE 57 at 7, and the Court will ultimately render

4

a decision on the substantive claims contained therein. The Court has also received Powers's memorandum in support of that petition. *See* DE 61.

## IV.

For the aforementioned reasons, the Court **DENIES** Powers's *nunc pro tunc* motion at DE 49. Powers may still proceed with his pending motion to vacate under 28 U.S.C. § 2255 at DE 50.

This the 5th day of November, 2025.

Signed By:
*Robert E. Wier* REW
United States District Judge