UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,                )
                                          )
    Plaintiff/Respondent,               )         No. 6:23-CR-50-REW-HAI
                                          )
v.                                        )
                                          )         OPINION & ORDER
ARTHUR CLINTON POWERS, JR.,               )
                                          )
    Defendant/Movant.                   )

*** *** *** ***

Movant Arthur Clinton Powers, Jr., *pro se*, has filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. *See* DE 50. Powers alleges that his appointed counsel provided ineffective assistance, both in failing to challenge his career offender status and in failing to file a notice of appeal in derogation of his request. *See generally id.* Initially, United States Magistrate Judge Hanly A. Ingram denied the former claim and set the latter for an evidentiary hearing. *See* DE 72. Powers objected to both resolutions, asserting with respect to the evidentiary hearing that he withdrew certain alleged proof and also did not wish to testify in person. *See* DE 73.

In response, Judge Ingram modified his order, instead recommending that the Court deny Powers's § 2255 petition in its entirety. *See* DE 75. Powers proceeded to file a second set of objections. *See* DE 82. Powers now asserts that Judge Ingram relied on inapplicable case law, applied an improper legal standard, and otherwise failed to evaluate the alleged deficiencies in his counsel's sentencing performance. Notably, Powers no longer objects to the resolution of his notice of appeal claim. Ultimately, the Court OVERRULES both sets of objections, DE 73; DE 82, ADOPTS Judge Ingram's recommendations, *see* DE 72; DE 75, and DENIES Powers's § 2255 motion, *see* DE 50.

**I.**

Previously, a grand jury charged Arthur Clinton Powers, Jr. with a single count of possession with intent to distribute 500 grams or more of a methamphetamine mixture under 21 U.S.C. § 841(a). *See* DE 8. A few months later, Powers reached a plea agreement with the Government, admitting guilt to that offense. *See* DE 31 ¶ 1, at 1.

In the agreement, Powers waived the right to appeal the guilty plea and conviction, though he reserved the right to appeal the resulting sentence. *See id.* ¶ 7, at 3. Except for claims of ineffective assistance of counsel, he also waived the right to collaterally attack the guilty plea, conviction, and sentence. *See id.* On August 7, 2024, the undersigned entered judgment and sentenced Powers to a 250-month term of imprisonment, followed by five years of supervised release. *See* DE 43.

About one year later, the Court received Powers's § 2255 petition. *See* DE 50. In the petition, Powers alleges that his appointed counsel—Christy J. Love—provided ineffective assistance. *See id.* Specifically, he asserts that she erred: (1) in failing to challenge his career offender status, *see id.* at 6; and (2) in failing to file a notice of appeal despite his explicit request for her to do so, *see id.* at 5.[1] After addressing various procedural complexities, the Court allowed Powers to proceed with his claims. *See* DE 57. With the Court's permission, *see* DE 58, Powers filed an additional memorandum in support of his petition, *see* DE 61. The Government then filed a response, *see* DE 65, and Powers replied, *see* DE 69.

In his reply, Powers alleged for the first time that his mother had initiated a three-way call with his attorney, and that he instructed Love to file a notice of appeal on that call. *See id.* at 4–5. Powers said that he attached sworn declarations from both him and his mother to the reply that

---

[1] While Powers also argued that his attorney failed to challenge a § 851 penalty enhancement, the Court previously denied that claim on the basis that Powers received no such enhancement. *See* DE 57 at 6–7.

confirmed the existence of that call. *See id.* at 5 n.1. However, no such declarations were attached. As a result, Powers was directed to file his and his mother's declarations into the record for the Court's review before January 16, 2026. *See* DE 70. He did not do so.

Upon referral, Judge Ingram found that Love's failure to challenge Powers's career offender status did not amount to deficient performance. *See* DE 72 at 4–7. Specifically, he determined that Powers had at least two prior felony convictions for controlled substance offenses and otherwise met the requirements to be classified as a career offender under the U.S. Sentencing Guidelines. *See id.* Judge Ingram further determined that Powers was entitled to an evidentiary hearing on his claim that Love failed to file a notice of appeal in derogation of his request considering his claims made, if thinly, under penalty of perjury. *See id.* at 7–14. Judge Ingram appointed Michal B. Fox as counsel for that hearing. *See id.*

Powers then objected to both of Judge Ingram's resolutions. *See* DE 73. First, he objected to Judge Ingram's conclusion regarding his career offender claim, arguing that the Magistrate Judge relied on inapplicable case law. *See id.* at 2–5. Second, he objected to Judge Ingram's decision to set an evidentiary hearing, stating that he would prefer for his notice of appeal claim to be resolved on the existing record or to attend the hearing virtually. *See id.* at 5–6. Powers also requested a certificate of appealability. *See id.* at 6. After objecting, months following the imposed deadline, Powers filed a sworn declaration asserting that he "told Ms. Love clearly that [he] wanted to appeal and that she should file a notice of appeal on [his] behalf" during the alleged three-way call with his mother. *See* DE 74. Powers stated in his objections that his "mother advised that she does not recall the events surrounding the phone call and does not wish to participate as a witness." DE 73 at 5.

Judge Ingram then proceeded to file a second recommendation that superseded the first. *See* DE 75.  He now recommends the denial of Powers's entire § 2255 petition in light of his unwillingness to participate in a live, in-person hearing.  *See id.* at 13–16.  Powers, again proceeding *pro se*, filed another set of objections.  *See* DE 82.  Powers does not dispute the resolution of his notice of appeal claim; indeed, he recently stated he was withdrawing that claim and not pursuing an evidentiary hearing.  *See* DE 81 ("Petitioner has since withdrawn that claim and elected not to pursue the evidentiary hearing.").  However, he continues to pursue the career offender claim, asserting that Judge Ingram failed to consider applicable case law, that he applied an incorrect legal standard, and that the career offender challenge was foreshadowed by controlling authority and his counsel should have raised the issue as a result.  *See generally id.*

## II.

### A.

Pursuant to 28 U.S.C. § 2255(a), a person in custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" if that person "claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution."  However, the petitioner must do more than identify a constitutional error. He must establish—by a preponderance of the evidence—that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1722 (1993)); *see also McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

For § 2255 petitions based on ineffective assistance of counsel, a petitioner must prove two elements.  First, he must "show that counsel's performance was deficient." *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984).  That is, the petitioner must establish that his attorney

4

made errors so serious that they were "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, he must show that "the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id.*

But because it is uniquely difficult to assess an attorney's performance after the fact, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id.* at 2065 (quoting *Michel v. Louisiana*, 76 S. Ct. 158, 164 (1955)). The Court will therefore make a conscientious effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

**B.**

In evaluating a magistrate judge's recommendation, the Court must review de novo the "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review).

Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.

5

1995)); *see also Holl v. Potter*, No. 1:09-CV-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived."). And while the Court construes *pro se* filings liberally, this leniency has its limits:  a "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf."  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).  The Court tailors its analysis accordingly.

### III.

### A.

Initially, Powers objects to Judge Ingram's conclusion that Love "was not ineffective for failing to challenge [his] career-offender designation because any such challenge would have been futile in light of Sixth Circuit precedent."  DE 73 at 2; *see also* DE 82 at 1.  In particular, he takes issue with Judge Ingram's reliance on *United States v. Jones*, 81 F.4th 591 (6th Cir. 2023), and *United States v. Reed*, 163 F.4th 338 (6th Cir. 2025),[2] arguing that those cases do not resolve the categorical approach issue he now raises—namely, whether Kentucky's trafficking statute is overbroad in that it includes substances not listed under federal law.

The Court disagrees with Powers for at least two reasons.  First, Powers's characterization of the applicable precedent is simply inaccurate.  To be sure, Powers correctly notes that courts must apply the categorical approach to determine whether a state offense qualifies as a predicate controlled substance offense under the U.S. Sentencing Guidelines.  *See Jones*, 81 F.4th at 597 n.4

---

[2] Although Powers also takes issue with Judge Ingram's reliance on *United States v. Jackson*, 995 F.3d 476 (6th Cir. 2021), Judge Ingram does not, in fact, cite that case.

(citing *United States v. Montanez*, 442 F.3d 485, 489, 491 (6th Cir. 2006)).[3]    However, Powers overlooks the Sixth Circuit's broader conclusion that there is "no textual limit that a controlled substance offense must contain a substance listed in the Controlled Substances Act."  *See id.* at 599.  That conclusion applies with equal force here.  To the extent Powers argues that *Jones* is inapplicable, he is incorrect.

The Court also notes the *Reed* court's application of *Jones* to Kentucky law.  In *Reed*, the court concluded that it was bound by *Jones*, and this Court finds no basis—and indeed, no authority—to stray from that principle.  *See id.* at 368 ("In *United States v. Jones*, we held that state-law controlled substance offenses need not define controlled substances according to the Controlled Substances Act to count under § 4B1.2(b).  We are bound by that precedent." (internal citation and quotation marks omitted)).[4]  And while Powers argues that Judge Ingram's citation to the decision constitutes an inappropriate, retroactive application of the law, he is incorrect.  *See* DE 82 at 3–4.  Judge Ingram's citation to *Reed* was not an effort to retroactively apply the case.  Rather, he cited *Reed* as a modern application of a basic legal principle that has controlled since long before Powers filed his § 2255 motion.[5]  On that basis, the Court sees no error in Judge Ingram's analysis.

---

[3] Powers seems to be unclear on what the categorical approach actually entails in this context.  It does not mean that state controlled substance offenses must be identical to the offenses created by the Controlled Substances Act.  Rather, it means that the Court must look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions," when assessing whether a state conviction constitutes a controlled substance offense predicate.  *Taylor v. United States*, 110 S. Ct. 2143, 2159 (1990).  The Court must "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood.  The prior conviction qualifies as [a] predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."  *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

[4] The Court further notes Judge Ingram's reliance on *United States v. Clark*, 46 F.4th 404, 408 (6th Cir. 2022), another decision in which the Sixth Circuit considered both federal and state law in counting controlled substance offense predicates.

[5] Briefly, Powers notes that he is unable to access the *Reed* decision.  *See* DE 82 at 3.  But the Court has limited sympathy given Powers's decision to eschew the assistance of counsel.  *See* DE 81.

7

Second, even setting aside that binding precedent, Powers offers no legitimate rationale for disregarding the consistent Sixth Circuit authority, published and unpublished, that rejects his position. The two unpublished cases that Powers initially challenged—*United States v. Sheffey*, 818 F. App'x 513, 520 (6th Cir. 2020), and *United States v. Smith*, 681 F. App'x 483, 489 (6th Cir. 2017)—rely on persuasive reasoning and reach the same conclusion that the Sixth Circuit reached in *Jones* and *Reed*, recognizing that a state offense need not match a federal counterpart exactly to validly serve as a controlled substance offense predicate under Chapter 4, Part B. The Court is unconvinced by any of Powers's arguments to the contrary.

Next, Powers argues that Judge Ingram applied an inappropriately heightened prejudice standard by finding that Powers had to prove that his underlying challenge would have been successful. DE 82 at 4. But Judge Ingram did not do so. Rather, he expressly stated that, in order to show ineffectiveness, Powers was required to establish a *reasonable probability* that his challenge would have been successful. *See* DE 75 at 6. This is the same standard that Powers himself articulates, and it is the standard that Judge Ingram applied in evaluating Movant's claims, ultimately concluding that any challenge to Powers's career offender designation would have been futile. *See id.* at 8.

Finally, Powers argues that his counsel was constitutionally ineffective for failing to raise an issue that was "clearly foreshadowed by existing decisions." DE 82 at 4–5. But every published Sixth Circuit decision addressing Powers's career offender argument has flatly rejected the position, and Powers does not effectively allege otherwise. To be clear, counsel is not required to raise a non-meritorious claim. *See, e.g.*, *Jalowiec v. Bradshaw*, 657 F.3d 293, 321–22 (6th Cir. 2011) (citing *Wilson v. Mitchell*, 498 F.3d 491, 514–15 (6th Cir. 2007)). Accordingly, the Court overrules both sets of Powers's objections. *See* DE 73; DE 82.

8

As a final matter, the Court reiterates its conclusion at sentencing: Powers unambiguously qualifies as a career offender. Powers was over 18 years old when he committed the instant offense, and the instant offense is a controlled substance offense. Powers has at least two prior felony convictions for controlled substance offenses. *See* U.S. SENT'G GUIDELINES MANUAL §4B1.1 (U.S. SENT'G COMM'N 2023). Specifically, Movant has multiple prior Kentucky felony convictions for trafficking in controlled substances, including cocaine and heroin (No. 15-CR-003205-004, No. 20-CR-001189-002).[6] *See* DE 42 ¶¶ 50–51, at 16–17. For each conviction, Powers received a sentence of imprisonment exceeding one year, and each conviction was countable at the time of his sentencing under the applicable criminal history rules. *See id.* Under the Guidelines, Powers qualifies as a career offender. Thus, the Court adopts Judge Ingram's resolution of Powers's career offender claim and overrules Powers's objections.

**B.**

At first, Powers asked the Court to decide his notice of appeal claim without a hearing or, in the alternative, conduct a virtual hearing. *See* DE 73 at 5–6. Failing both, Powers stated that he would withdraw his notice of appeal claim, ostensibly out of concern for his mother's ability to testify and due to principles of judicial economy. *See id.* Subsequently, Judge Ingram recommended the denial of Powers's notice of appeal claim. Powers does not object to that resolution. *See* DE 82; DE 81 (characterizing the claim as "withdrawn" and noting that Powers was no longer pursuing an evidentiary hearing). Importantly, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas*, 106 S. Ct. at 472. Regardless, the Court notes its agreement with Judge Ingram's disposition.

---

[6] Powers also has one prior Indiana felony conviction for dealing in cocaine (No. 31D01-0601-FA-000086). *See* DE 42 ¶ 49, at 15.

First, the Court finds that a hearing would have been required to decide Powers's notice of appeal claim. Except in instances where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must "grant a prompt hearing" in order to "determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). The Government filed Love's sworn affidavit asserting that Powers never requested to appeal, a handwritten note from Powers stating that he did not wish to appeal, a post-judgment letter that Love wrote to Powers confirming that he did not wish to appeal, and jail call logs indicating that Powers never called Love during the period to appeal. *See* DE 65-1; DE 65-2; DE 65-3; DE 65-4. Powers, on the other hand, filed a sworn (if tardy) affidavit indicating that he asked Love to file an appeal on an alleged three-way call that was held between Love, himself, and his mother. *See* DE 74. This is a comparatively light showing, particularly considering his mother's inability to recall that event. However, it is enough to necessitate a hearing. *See Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) ("If a habeas petitioner presents a factual dispute, then the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.").

Second, the Court concludes that Powers failed to provide a legitimate reason for a virtual hearing. Powers has no statutory or legal entitlement to appear via video. Moreover, the Court is skeptical about Powers's stated desire to spare the executive and the judiciary the expense of transport. *See* DE 73 at 6. And to the extent that Powers's requests were motivated by his mother's health, the Court believes that Judge Ingram could have made an individual determination as to whether she needed to appear in person. But as a default rule, the Court requires in-person hearings in order to assure adequate reliability. In *Maryland v. Craig*, 110 S. Ct. 3157, 3166 (1990), the Court explicitly listed "oath, cross-examination, and observation of the witness's demeanor" as

factors that "adequately ensure[] that the testimony is both reliable and subject to rigorous adversarial testing."  Those factors are most effectively assured through live, in-person proceedings and testimony.  If the entire issue distilled to whether the alleged post-judgment call involving Love, Powers, and Powers's mother occurred, credibility would be the key, and this deciding judge would require testimony in the flesh.  Finding no reason to conduct a virtual hearing, the Court views Powers's request as properly denied.  And given Powers's election to withdraw his claim and to forgo any hearing, the Court agrees with Judge Ingram's disposition.

**C.**

As demonstrated by the Court's above analysis, Powers has not offered any meritorious argument, and he has failed to make a "substantial showing" as to any claimed denial of rights. 28 U.S.C. § 2253(c)(2).  Powers has also failed to establish, on substantive or procedural grounds, that "jurists of reason could disagree with the . . . resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1034 (2003) (citing *Slack v. McDaniel*, 120 S. Ct. 1595, 1603–04 (2000)).  His career offender claim is entirely foreclosed by binding Sixth Circuit law.  And with respect to his notice of appeal claim, he has no right to a virtual hearing or to avoid a hearing entirely.  Given Powers's resistance to such a hearing, and the overall record and course, including Movant's stated claim withdrawal and hearing abandonment, the notice of appeal claim simply collapses.  Finding these conclusions beyond reasonable debate, the Court denies a certificate of appealability.

11

**IV.**

For the aforementioned reasons, the Court OVERRULES Powers's objections, *see* DE 73; DE 82, ADOPTS Judge Ingram's recommendations, as modified, *see* DE 72; DE 75, and DENIES Powers's § 2255 motion, *see* DE 50.  No certificate of appealability shall issue.

This the 11th day of May, 2026.

**Signed By:**

**Robert E. Wier**

**United States District Judge**